**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**11 CIV 8618**

-------------------------------------------------------------------X   Case No.

NICOLE CLARK, on behalf of herself individually
and all others similarly situated



                                                        Plaintiff,

              -against-                                              **CLASS ACTION**
                                                                     **COMPLAINT**

FULTON FRIEDMAN & GULLACE, LLP.,
DAVE SMITH and ASSET ACCEPTANCE, LLC

                                                        Defendants.
-------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon

knowledge as to herself and her own acts, and as to all other matters upon information

and belief, brings this complaint against the above-named defendants and in support

thereof alleges the following:

## INTRODUCTION

        1.      This is an action brought by an individual consumer

and on behalf of a class for defendants' violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibit debt collectors from engaging in

abusive, deceptive and unfair acts and practices. This action is also brought pursuant to

New York General Business Law §349 ("NYGBL") which prohibits defendants' deceptive

acts and practices.

## PARTIES

        2.      Plaintiff is a natural person who resides in this District and is a

consumer as defined by the FDCPA, §1692a(3).

3.     Upon information and belief, first-named defendant, Fulton Friedman & Gullace, LLP. (FFG) is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, said defendant is a domestic registered limited liability partnership with its principal place of business in New York. Second-named defendant Dave Smith, is an employee of first-named defendant, is stated to be a non-attorney and is the individual under whose hand was written the letter sent to plaintiff. Defendants use the mails in their attempts to collect defaulted consumer debts due or alleged to be due to others.

4.     Upon information and belief, third-named defendant, Asset Acceptance, is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, said defendant is a foreign limited liability company incorporated in Delaware. Said defendant purchases defaulted consumer debt for considerably less than face value then seeks to collect the face value of said debt from consumers.

5.     That, for the purposes of this action, FFG was retained by defendant Asset Acceptance and there existed a principal and agent relationship between Asset Acceptance and FFG, such that Asset Acceptance was the principal and FFG was the agent.

6.     That Asset Acceptance  is jointly and severally liable with FFG and Smith for each of the violations alleged herein.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS OF FACT

8.     Plaintiff re-alleges paragraphs 1 to 7 as if fully re-stated herein.

9.     That first and second-named defendants sent a collection letter dated August 4, 2011 to plaintiff in an attempt to collect a consumer debt alleged to have been originally incurred for personal purposes to Citibank (South Dakota), N.A. Said letter stated that the debt was regarding Asset Acceptance. First and second-named defendants were attempting to collect the debt on behalf of Asset Acceptance. The letter alleged that the debt was in default. Plaintiff received said letter. This was FFG's first letter to plaintiff. A copy of the letter is attached as Exhibit 1.

10.    That said letter stated that the balance due is $14,079.83.

11.    That said letter also stated, in pertinent part:

"Your unpaid account listed above has been referred to our office for collection. Disregard of this notice may result in the commencement of legal proceeding against you for collection of this debt. Note that if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit.
At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

12.    That prior to plaintiff's receipt of said FFG letter, plaintiff had received two collection letters directly from Asset Acceptance. Said letters are dated May 13, 2011 and June 3, 2011. Said letters listed the balance of the debt as $17,744.16 and $17,931.34, respectively.

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§1692e, 1692e(2)(A), 1692e(10) and 1692g(a)(1)

13.     Plaintiff re-alleges paragraphs 1 to 12 as if fully re-stated herein.

14.     That FFG's letter failed to state the correct balance of the debt, in that two months before, on June 3, 2011, FFG's principal - Asset Acceptance - had informed plaintiff that the debt balance was almost $4,000 *more*.

15.     That based on Asset Acceptance's two letters to plaintiff, it was clear that the debt balance was increasing, not decreasing, with time.

16.     That by failing to state the correct amount of the debt, first and second-named defendants have violated the FDCPA, including but not limited to §1692g(a)(1).

17.     That first and second-named defendants have also thereby violated the FDCPA, §1692e(2)(A) by falsely representing the amount of the debt.

18.     That first and second-named defendants have also thereby violated the FDCPA, §§1692e and 1692e(10) by the use of a false representation or deceptive means in the collection of a debt.

AS AND FOR A SECOND CAUSE OF ACTION

FDCPA, §§1692e, 1692e(3) and 1692e(10)

19.     Plaintiff re-alleges paragraphs 1 to 18 as if fully re-stated herein.

20.     That FFG's letter deceptively represents that it is from an attorney. The letter is written on law firm letterhead. In addition, the caption of the letter notes that FFG is in the business of "collections, consulting and litigation" and that FFG is licensed in New York, among other named states. Further, the letter begins by threatening a

lawsuit and by stating that plaintiff may be responsible in the lawsuit for court costs and other expenses if plaintiff disregards FFG's letter.

21.     That though said letter does contain a disclaimer that no attorney with the firm had personally reviewed the particular circumstances of the account and that Dave Smith is stated to be a non-attorney, this does not minimize the overall impression on the plaintiff and the least sophisticated consumer that the letter is from an attorney who was threatening her with legal action if she does not pay the debt or make payment arrangements.

22.     Said disclaimer is altogether overshadowed and contradicted by the other portions of the letter which deliberately represent, untruthfully, that FFG has knowledge of plaintiff's individual debt.

23.     That, in fact, neither second-named defendant nor any attorney at the firm had reviewed plaintiff's debtor file or gained any understanding about the specific debt it was sought to collect (or even knowledge of the true amount of the debt), in order for the letter to be truly from an attorney.

24.     That, on the one hand, FFG's insertion of the disclaimer in the letter is meant to imply to the consumer that FFG has not examined the account in any detail. On the other hand, however, FFG begins the letter by threatening a lawsuit if the consumer disregards the letter and the imposition of costs and additional expenses, which threat does imply that FFG had examined the account in detail and believed that it its claim has merit.

25.     That FFG in its letter is attempting to get "the best of both worlds". That said letter is therefore deceptive in that it could lead the least sophisticated consumer to believe that FFG had detailed knowledge of the account OR that FFG had no detailed knowledge of the account. Only one of these beliefs is correct.

26.     That despite the insertion of the disclaimer, FFG is in violation of the FDCPA, §1692e(3) for falsely representing or implying that the letter is from an attorney, and in violation of §§1692e and 1692e(10), as said conduct by FFG is a false representation and deceptive means used to collect or attempt to collect a debt.

AS AND FOR A THIRD CAUSE OF ACTION

FDCPA, §§1692e and 1692e(10)

27.     Plaintiff re-alleges paragraphs 1-26 as if fully re-stated herein.

28.     That the language in FFG's letter that if a lawsuit is commenced, the Court may assess additional charges for the court costs  and other expenses of the lawsuit is improper.

29.     That said language recites various negative actions which "may" be taken against plaintiff if plaintiff does not pay the debt voluntarily, but said letter fails to state that FFG must first successfully conclude a lawsuit against plaintiff. The letter fails to state that such actions may be taken against plaintiff only upon FFG's obtaining a court judgment against plaintiff.

30.     That FFG's said failure to disclose that court costs and other litigation expenses may be assessed against plaintiff only after obtaining a judgment against plaintiff in a lawsuit constitutes a deceptive or misleading representation or means in connection with the collection of a debt, in violation of the FDCPA, including

but not limited to §§1692e and 1692e(10).

## AS AND FOR FOURTH CAUSE OF ACTION

### NYGBL §349

31.    That plaintiff  re-alleges paragraphs 1 to 30 as if fully re-stated herein.

32.    That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

33.    That the three defendants' deceptive and misleading acts and practices were consumer-oriented, in that defendants are collectors of consumer debts incurred principally or wholly by natural persons. On information and belief, defendants mail or cause to be mailed to natural persons within New York State each year thousands of letters similar to the letter plaintiff received from FFG.

34.    That defendants' letters are deceptive and misleading in that the least sophisticated consumer and the reasonable consumer would believe, erroneously, that an attorney has some meaningful involvement in the collection of the debt and that once a lawsuit is commenced the Court may assess additional charges for court costs and other expenses before and without a judgment in favor of Asset Acceptance.

35.    That plaintiff suffered damages pursuant to NYGBL §349(h) as a result of defendants' actions, in that upon receipt of the letter she felt anxiety, distress and fear for her financial security because she did believe that the Court would do what the letter indicated.

36.     That defendants are therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

## CLASS ALLEGATIONS

37.     That plaintiff re-alleges paragraphs 1-36 as if fully re-stated herein.

38.     That this action is brought on behalf of plaintiff and the members of a class against all three defendants. The class consists of all persons who defendants' records reflect resided in the United States and who were sent a collection letter within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint (a) bearing FFG's letterhead in substantially the same form as the letter sent to the plaintiff dated August 4, 2011; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e and 1692e(10) by falsely representing that the Court may assess additional charges for court costs and other expenses before and without a judgment in favor of Asset Acceptance. The Class is defined as

"All persons to whom Fulton Friedman & Gullace, LLP. sent a

debt collection letter on behalf of Asset Acceptance, LLC. regarding

a consumer debt at an address within the United States, which

letter is identical in all relevant respects to Exhibit 1 attached to

the complaint, and which letter contains a statement that the Court

may assess additional charges for court costs and other expenses

without also stating that a judgment in favor of Asset Acceptance would

first have to be obtained."

The class does not include defendant FFG and any person, firm, trust, corporation or other entity related to or affiliated with FFG, including, without limitation, Asset Acceptance and persons who are officers, directors, employees, associates or partners of FFG and Asset Acceptance.

39.     That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from FFG which violate the various provisions of the FDCPA.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendants violated the FDCPA by falsely representing that the Court may assess additional charges for court costs and other expenses before and without a judgment in favor of Asset Acceptance.

(C)     The only individual issue is the identification of the consumers who received the letter (the class members), a matter capable of ministerial determination from the records of defendants.

(D)     The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

40.     That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41.     That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

42.     That communications from debt collectors, such as that sent by defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

43.     That as a result of the above violations plaintiff is entitled to an injunction against defendants and further, defendants are liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the three defendants as follows:

(a)  enjoining defendants from further direct contact with plaintiff concerning the debt, pursuant to NYGBL §349(h);

(b)  statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c)  statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(d)  awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(e)  reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k; and

(f)  for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.


Dated: New York, New York
          November 16, 2011.

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1

# FULTON, FRIEDMAN & GULLACE, LLP

## COLLECTIONS, CONSULTING & LITIGATION

LICENSED IN ARIZONA, CALIFORNIA, DISTRICT OF COLUMBIA, MARYLAND, MICHIGAN, NEW YORK, PENNSYLVANIA, TENNESSEE & TEXAS

| | | |
|---|---|---|
| NYC DEPARTMENT OF CONSUMER AFFAIRS LICENSES: 1328139, 1344745, 1344741 & 1394439 | PO BOX 2123 WARREN, MI 48090-2123 | TOLL FREE 877-496-4802 EXT. 0 |

August 4, 2011

Re: Asset Acceptance, LLC Assignee of CITIBANK (SOUTH DAKOTA), NA
Original Creditor Acct #: XXXXXXXXXXX
Fulton, Friedman & Gullace, LLP Acct #: 11-20901
Balance Due: $14079.83

Dear Nicole  Clark:

**Your unpaid account listed above has been referred to our office for collection. Disregard of this notice may** result in the commencement of legal proceedings against you for collection of this debt. Note that if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume this debt to be valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose.**

Very truly yours,

Dave Smith
Collections Team (Non-Attorney)
Phone: 877-496-4802 Ext. 0
Fulton, Friedman & Gullace, LLP

CCGASSE02_OS_0100

***Detach Lower Portion and Return with Payment***


PO Box 2124
Warren MI 48090-2124

ADDRESS SERVICE  REQUESTED

Fulton, Friedman & Gullace, LLP Acct #: 11-20901
Balance Due: $14079.83

August 4, 2011

**Fulton, Friedman & Gullace, LLP**
PO Box 2123
Warren MI 48090-2123

11-20901-OS_0100      598049649



Nicole  Clark

New York NY